Filed 7/29/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 157

Bernard Haag, d/b/a Haag 

Construction, Plaintiff and Appellee

v.

Jean Noetzelman, Defendant and Appellant

No. 980349

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Cynthia A. Rothe-Seeger, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Kip M. Kaler, Kaler Law Office, P.O. Box 423, Fargo, N.D. 58107, for plaintiff and appellee.

Garylle B. Stewart, Solberg, Stewart, Miller & Johnson, P.O. Box 1897, Fargo, N.D. 58107-1897, for defendant and appellant.  Appearance by Stacey Tjon Aasland.

Haag v. Noetzelman

No. 980349

Kapsner, Justice.

[¶1] Jean Noetzelman appealed from an amended judgment awarding Bernard Haag, doing business as Haag Construction, judgment against her personally and foreclosure on a mechanic’s lien.  We affirm.

[¶2] By written contract, dated May 17, 1996, with an addendum dated June 8, 1996, Noetzelman contracted with Haag Construction for construction of a house near Horace, North Dakota, at a cost of $75,720.  On June 8, 1996, Haag Construction began construction.  As construction progressed, Haag Construction received periodic payments totaling $29,220 from a trust fund established by Noetzelman to finance the construction.  When the trust fund money was depleted, Haag Construction requested Noetzelman to continue financing the construction.  When Noetzelman failed to continue financing the construction, Haag Construction stopped working on the house  and on November 8, 1996, Haag Construction filed a mechanic’s lien on the  property.  On August 4, 1997, Haag Construction sued for breach of contract, to foreclose on the lien, and to recover the value of improvements Haag Construction made to a house Noetzelman owns in Moorhead, Minnesota.  

[¶3] Haag Construction contended, under the terms of the contract and its addendum, Noetzelman was obligated to continue financing  the construction by using her Moorhead house to secure financing.  Haag also contended the improvements were made to the Moorhead house to increase its value in expectation of the house being used to finance construction of the Horace house.  Noetzelman denied breaching the contract and counterclaimed on the grounds the construction of the Horace house was deficient.

[¶4] The trial court found Noetzelman did not perform as required under the contract by failing to use her Moorhead house to secure financing for  construction of the Horace house.  The trial court also found some of the construction performed by Haag Construction was deficient.  The trial court concluded Haag Construction was entitled to the contract price, plus extra work completed, totaling $76,220, from which the court subtracted:

1) $29,220 already paid to Haag Construction from the trust fund;

2) $15,633.30 for the cost of the unfinished work; and 

3) $9,725 for the cost of repairing the deficient construction.

The trial court awarded Haag Construction foreclosure on the mechanic’s lien in the amount of $24,510.36, including prejudgment interest, and judgment against Noetzelman in the amount of $7,758.63, including prejudgment interest, costs and disbursements, for the improvements to her Moorhead house.  Noetzelman appealed.  

I

[¶5] Noetzelman contends the trial court erred when it found Noetzelman breached the contract by failing to finance the construction with her Moorhead house.

[¶6] “Contracts are construed to give effect to the mutual intention of the parties at the time of contracting.”  
Circle B Enterprises, Inc. v. Steinke
, 1998 ND 164, ¶ 9, 584 N.W.2d  97.  If the parties’ intentions can be ascertained from the writing alone, then the interpretation of the contract is entirely a question of law, and we will independently examine and construe the contract to determine if the district court erred in its interpretation of the contract.  N.D.C.C. § 9-07-04;  
Pamida, Inc. v. Meide
, 526 N.W.2d 487, 490 (N.D. 1995).  “The intention of the parties to a contract must be gathered from the entire instrument, not from isolated clauses, and every clause, sentence, and provision should be given effect consistent with the main purpose of the contract.”  
Nat’l Bank of Harvey v. Int’l Harvester Co.
, 421 N.W.2d 799, 802 (N.D. 1988).  N.D.C.C. § 9-07-06.  

[¶7] The parties’ intent can be ascertained from the written contract and its addendum.  The contract provides:

WE PROPOSE
 hereby to furnish material and labor-complete in accordance with above specifications, for the sum of;

SEVENTY FIVE THOUSAND SEVEN HUNDERED TWENTY DOLLARS $75720.00

PAYMENT IS AS FOLLOWS; THE HOUSE AT 218 13
TH
 ST, NORTH [Moorhead, Minnesota] SHALL BE DEEDED TO HAAG CONSTRUCTION THE AMOUNT OF FOURTY SIX THOUSAND FIVE HUNDRED DOLLARS WILL SUBTRACTED OFF OF THE SEVENTY FIVE THOUSAND SEVEN HUNDERED TWENTY DOLLARS PURCHASE PRICE.  THE REMAINDER AMOUNT OF SWENTY [sic] NINE THOUSAND SEVEN HUNDRED TWENTY DOLLARS SHALL PLACED IN A TRUST FUND FOR THE FIRST STAGE OF THE CONSTRUCTION PHASE.  AND WILL BE BILLED AS HAAG CONSTRUCTION SEES NESSASSARY [sic].  THE HOUSE AT 218 13
TH
 ST. N. SHALL BE THE SOLE PROPERTY OF HAAG CONSTRUCTION AND HANDLED WITH WHAT EVERY [sic] DECISION BERNARD HAAG SEES FIT TO DEAL WITH.

The addendum provides:

1.  Jean Noetzelman is paying to Haag Construction the sum of $75,720 for the construction [sic] a home to be located on Noetzelman’s property near Horace, North Dakota (rural site).  It is understood and agreed that Noetzelman owns said property.

2.  Payment of the purchase price for construction of said home, including all materials and labor referred to in the foregoing contract, shall be as follows:

. $29,720 will be placed in a bank account or trust fund to be utilized for the construction phase (first stage) and all disbursements from said fund will bear the signature of both parties.

. Haag agrees to take for the remainder of such purchase of the new home, Noetzelman’s home located at 218 13
th
 Street North, Moorhead, Minnesota.  The agreed consideration for trade-in of Noetzelman’s home shall be the sum of $46,500.  The home shall remain in Noetzelman’s name until the parties otherwise agree.  In the event the home is deeded to Haag, Haag will provide security to Noetzelman to secure the balance of the purchase price until the home to be constructed is completed.  In the event the home is to be deeded to Haag and a mortgage given in order to provide funds for construction of Noetzelman’s home, the parties agree that the proceeds of such mortgage shall be placed in the bank account or trust fund referred to in paragraph (a) above and utilized for the same purposes and under the same restrictions as other funds in said account.  In the event the home is to be sold, the proceeds again shall be placed in said bank account or trust fund as aforesaid.  By way of illustration, if Haag desires that the property be deeded so that it can commence work on the same, Haag will give a mortgage back to Noetzelman as security, said mortgage to reduce automatically by all authorized expenditures in construction of the new home.  The method of authorization of expenditures on the new home are referred to hereinafter.

3.  Haag agrees that lien waivers will be provided when any request for payment is made to Noetzelman.  Disbursement of funds, whether from the original amount deposited in the bank account or trust fund, or whether from proceeds of a loan or sale of the home being traded in, will be dependent on furnishing said lien waivers by Haag.

[¶8] Noetzelman’s argument that she was not obligated to finance construction of the Horace house through her Moorhead house is based on a single sentence in the addendum.  The sentence provides: “The home shall remain in Noetzelman’s name until the parties otherwise agree.”

[¶9] We conclude the contract is not ambiguous.  Taken as a whole, the contract and its addendum show the parties intended the construction to be financed with Noetzelman’s Moorhead house.  Noetzelman’s interpretation of the isolated sentence would defeat the overall purpose of the agreement detailing the means by which the construction would be financed.

[¶10] Even though Noetzelman kept title to the house, she still could have financed the construction of the Horace house by using her Moorhead house as collateral for a loan.  There is no language in the contract showing the parties intended Haag Construction to finance construction of the house.  

[¶11] We conclude the trial court did not err in finding Noetzelman breached the contract.

II

[¶12] Noetzelman also contends the trial court erred by finding it would not be necessary to move the Horace house off its foundation to remedy the deficient construction, and by not awarding more in damages for the cost of repairing the deficient construction.

[¶13] This Court will not reverse a trial court’s finding of fact unless the finding is clearly erroneous.  
See
 N.D.R.Civ.P. 52(a).  We will not reexamine findings of fact made by the trial court upon conflicting evidence.  
Robert v. Aircraft Inv. Co., Inc.
, 1998 ND 62, ¶ 10, 575 N.W.2d 672.  A choice between two permissible views of the weight of the evidence is not clearly erroneous.  
Wachter Development, L.L.C. v. Gomke
, 1998 ND 119, ¶ 9, 579 N.W.2d 209.

[¶14] At trial, Noetzelman called Dr. George LaPalm, a registered professional engineer, and two contractors.  They all identified deficiencies in the construction of the Horace house, and they all testified the house needed to be removed from its foundation to repair the deficient construction.  The contractors also estimated the cost of repairing the deficient construction. 

[¶15] Haag Construction called Stevan Dewald, a registered professional engineer.  He and Robert Brungardt, a building inspector hired by the township, testified it would not be necessary to move the Horace house off its foundation to remedy the deficient construction.  Dewald also estimated the cost of repairing the deficient construction identified by Dr. LaPalm.

[¶16] In its findings, the trial court accepted the testimony of Stevan Dewald and Robert Brungardt and found that removing the house off its foundation would not be necessary to repair the deficient construction.  The trial court also relied upon Stevan Dewald’s estimates of the costs of repair.

[¶17] The testimony of Stevan Dewald and Robert Brungardt constitutes reasonable evidence supporting the court’s findings.  This Court will not retry a case if there is reasonable evidence in the record supporting the trial court’s findings.  
See
, 
e.g.
, 
Krizan v. Krizan
, 1998 ND 186, ¶ 9, 585 N.W.2d 576.  We conclude, the trial court’s findings are not clearly erroneous.

[¶18] We affirm the judgment of the trial court.

[¶19] Carol Ronning Kapsner

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.