Filed 1/17/03 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2003 ND 4

Scott Kondrad, a minor, by and through 

Shari McPhail as next friend, Plaintiff and Appellant

v.

Bismarck Park District, Defendant and Appellee

No. 20020196

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Michael Ray Hoffman, P.O. Box 1056, Bismarck, N.D. 58502-1056, for plaintiff and appellant.

Randall J. Bakke, Smith Bakke Oppegard Porsborg Wolf, P.O. Box 460, Bismarck, N.D. 58502-0460, for defendant and appellee.

Kondrad v. Bismarck Park District

No. 20020196

Maring, Justice.

[¶1] Scott Kondrad, a minor, by and through his mother, Shari McPhail, as next friend, appealed from a summary judgment dismissing his action for damages against the Bismarck Park District for injuries suffered in a bicycle accident.  We hold a waiver and release signed by McPhail exonerates the Park District for its alleged negligence in this case, and we affirm.

I

[¶2] The bicycle accident occurred on September 9, 1999, at the Pioneer Elementary School while Kondrad was participating in BLAST, an after-school care program operated by the Park District.  Kondrad fell on the school grounds while riding a bicycle owned by a child who was not part of the BLAST program.  Kondrad injured his arm in the fall, and McPhail subsequently sued the Park District for damages on Kondrad’s behalf, asserting Kondrad’s injuries were the result of the Park District’s negligent supervision of the children in the BLAST program.  The Park District moved for a summary judgment, claiming McPhail had released the Park District from liability for the accident.  The district court construed the waiver and release signed by McPhail, determined it exonerated the Park District from liability, and granted the Park District’s motion for dismissal of the case.

II

[¶3] On appeal, Kondrad asserts the district court erred in granting the summary judgment dismissal and in concluding that the waiver and release signed by McPhail exonerated the Park District from liability for its alleged negligence.

[¶4] Summary judgment under N.D.R.Civ.P. 56 is a procedural device for properly disposing of a lawsuit without trial if, after viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact or conflicting inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  
Jose v. Norwest Bank
, 1999 ND 175, ¶ 7, 599 N.W.2d 293.  Whether the district court properly granted summary judgment is a question of law and is reviewed de novo.  
Garofalo v. St. Joseph’s Hosp.
, 2000 ND 149, ¶ 6, 615 N.W.2d 160.  On appeal, we review the evidence in the light most favorable to the party opposing the motion for summary judgment, giving that party the benefit of all favorable inferences that reasonably can be drawn from the evidence.  
Olander Contracting Co. v. Gail Wachter Invs.
, 2002 ND 65, ¶ 9, 643 N.W.2d 29.

[¶5] Resolution of this appeal requires us to interpret the “Parent Agreement” signed by McPhail when she enrolled Kondrad in the BLAST program, which included the following waiver and release language:

I recognize and acknowledge that there are certain risks of physical injury to participant in this program and I agree to assume the full risk of any such injuries, damages or loss regardless of severity which I or my child/ward may sustain as a result of participating in any activities associated with this program.  I waive and relinquish all claims that I, my insurer, or my child/ward may have against the Park District and its officers, servants, and employees from any and all claims from injuries, damages or loss which I or my child/ward may have or which may accrue to me or my child/ward on account of my participation of my child/ward in this program.

Kondrad argues this language must be interpreted as exonerating the Park District from liability for damages only as to injuries sustained during “activities associated with” the BLAST program.  The Park District has conceded that riding a bicycle was not an activity associated with the program.  Kondrad asserts the release does not, therefore, exonerate the Park District from liability if its negligence resulted in Kondrad incurring injuries while riding the bicycle.  The Park District asserts the waiver is unambiguous and released the Park District from liability for any and all injuries sustained by Kondrad while participating in the BLAST program. The Park District argues the waiver and release exonerated it from liability for negligence resulting in injury or damages to Kondrad while participating in the program irrespective of whether, at the time of the injury, Kondrad was involved in a planned activity associated with the program.

[¶6] Generally, the law does not favor contracts exonerating parties from liability for their conduct.  
Reed v. Univ. of North Dakota
, 1999 ND 25, ¶ 22, 589 N.W.2d 880.  However, the parties are bound by clear and unambiguous language evidencing an intent to extinguish liability, even though exculpatory clauses are construed against the benefitted party.  
Id.
  When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible.  N.D.C.C. § 9-07-04; 
Meide v. Stenehjem ex rel. State
, 2002 ND 128, ¶ 7, 649 N.W.2d 532.  The construction of a written contract to determine its legal effect is a question of law for the court to decide, and, on appeal, this Court will independently examine and construe the contract to determine if the trial court erred in its interpretation of it.  
Egeland v. Continental Res., Inc.
, 2000 ND 169, ¶ 10, 616 N.W.2d 861.  The issue whether a contract is ambiguous is a question of law.  
Lenthe Invs., Inc. v. Serv. Oil, Inc.
, 2001 ND 187, ¶ 14, 636 N.W.2d 189.  An unambiguous contract is particularly amenable to summary judgment.  
Meide
, 2002 ND 128, ¶ 7, 649 N.W.2d 532.

[¶7] We conclude the language of waiver and release under the agreement signed by McPhail is clear and unambiguous.  We construe all provisions of a contract together to give meaning to every sentence, phrase, and word.  
U.S. Bank Nat’l Ass’n v. Koenig
, 2002 ND 137, ¶ 9, 650 N.W.2d 820.  The assumption of risk and waiver clauses are separate and distinct.  Each contains a clearly expressed meaning and consequence.  Under the assumption of risk clause, McPhail agreed to assume the full risk of injury and damages resulting from Kondrad participating in any activities associated with the BLAST program.  In addition, under the waiver and release clause, McPhail waived and relinquished all claims against the Park District for injuries or damages incurred on account of Kondrad’s participation in the BLAST program.  The language of waiver and release is not limited to only those injuries incurred while participating in activities associated with the program, but to all injuries incurred by the child on account of his participation in the program.

[¶8] It is undisputed that Kondrad’s bicycle accident occurred on the school grounds while Kondrad was participating in the BLAST program.  This is the very type of situation for which the Park District, under the release language, insulated itself from liability for alleged negligence while operating the after-school care program.  Under the unambiguous language of the agreement, McPhail exonerated the Park District from liability for injury and damages incurred by Kondrad while participating in the program and caused by the alleged negligence of the Park District.
(footnote: 0)

III

[¶9] We hold the Parent Agreement signed by McPhail clearly and unambiguously exonerates the Park District for injuries sustained by Kondrad while participating in the BLAST program and which were allegedly caused by the negligent conduct of the Park District.  We further hold, therefore, the district court did not err in granting summary judgment dismissing Kondrad’s action against the Park District, and we affirm.

[¶10] Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

FOOTNOTES
0:
ぁラ    
Under N.D.C.C. § 9-08-02 a party is precluded from contractually exonerating itself from liability for willful acts.  
See
 
Reed v. Univ. of North Dakota
, 1999 ND 25, ¶ 22 n.4, 589 N.W.2d 880.  The release in this case is not specifically limited to exonerating the Park District from liability for only negligent conduct.  However, Kondrad’s claim against the Park District is based on negligence, and he has not argued the release is invalid because it purports to exonerate the Park District from liability for intentional or willful acts.  We do not, therefore, address that issue in this opinion.