Filed 2/26/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 33

Dennis Bakken and Evangeline Bakken, Plaintiffs and Appellants

v.

John A. Duchscher, Bernadine R. Duchscher, 

John A. Duchscher, Jr., and Ann Duchscher, Defendants and Appellees

No. 20120232

Appeal from the District Court of Pierce County, Northeast Judicial District, the Honorable John C. McClintock, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Michael S. McIntee, 116 West 5th Street, Bottineau, N.D. 58318, for plaintiffs and appellants.

John T. Traynor, Jr., P.O. Box 838, Devils Lake, N.D. 58301-0838, for defendants and appellees.

Bakken v. Duchscher

No. 20120232

Maring, Justice.

[¶1] Dennis Bakken and Evangeline Bakken appeal from a judgment declaring the Bakkens no longer have an option to repurchase Pierce County property Paul and Evangeline Bakken sold to John and Bernadine Duchscher in 1991, and which the Duchschers later transferred to John Duchscher, Jr., and Ann Duchscher.  We reverse and remand, concluding the district court erred as a matter of law in ruling that the Bakkens’ option to repurchase the property has expired.

I

[¶2] Paul and Evangeline Bakken owned and operated a small farm located in parts of Benson and Pierce counties.  Dennis Bakken is their only child.  John and Bernadine Duchscher are the Bakkens’ neighbors.  John Duchscher, Jr., is the Duchschers’ son, and Ann Duchscher is his wife.

[¶3] In 1991, the Bakkens were faced with substantial medical bills incurred for Paul Bakken’s care.  The Bakkens visited with attorney Charles Orvik about attempting to protect the farm from medical creditors and assisting them in obtaining a bank loan.  Orvik called John and Bernadine Duchscher and inquired whether they would be interested in purchasing the Bakkens’ land.  After the Bakkens and Duchschers met in the law office, Orvik prepared an earnest money contract of sale for two parcels of the Bakkens’ farmland, one located in Benson County and referred to in this case as parcel A, and the other located in Pierce County and referred to as parcel B.  The unsold farmland is referred to as parcel C.  The earnest money contract listed the purchase price as $70,000, which was approximately $135 per acre, and provided:

It is agreed between the parties that the Seller shall have the option to purchase the land hereby sold or any part thereof at the election of the Seller.  Such price to be at One Hundred Thirty-five and no/100 dollars ($135.00) per acre.  It is also agreed that John A. Duchscher and Bernadine R. Duchscher shall have the first right of refusal to purchase the unsold land at the same price.

 

[¶4] In late 1991, warranty deeds were executed and recorded for parcels A and B.  Each deed provided:

This Deed is given subject to an option to re-purchase the land hereby sold or any part thereof at the election of the Grantor(s). Such price to be at One Hundred Thirty-five and no/100 Dollars ($135.00) per acre.

 

Neither the earnest money contract nor the warranty deeds listed a termination date for exercising the options to repurchase.

[¶5] In 1992, the Bakkens and the Duchschers entered into another agreement which related only to parcel B located in Pierce County.  The “Agreement” was also recorded, and provided:

It is mutually agreed, the mutual promises, covenants, conditions and obligations herein contained being consideration therefore, that the Optioner will not sell the land within a period of ten (10) years without such sale containing a provision that the Optionee has the continued right to purchase and Optionees agree that Optioner will not for a period of ten (10) years exercise the option to purchase.

 

Paul Bakken died in 1994.

[¶6] In 2008, the Duchschers transferred parcel B, the Pierce County property, to John Duchscher, Jr., and Ann Duchscher.  Six weeks after the transfer, the Bakkens by letter notified the Duchschers they were “in a position to exercise the option” to repurchase parcel B.  
A year later, the Bakkens brought this lawsuit against the Duchschers seeking a declaration that they have the right to repurchase the property. 

[¶7] After denying the parties’ motions for summary judgment, the district court held a bench trial.  The major focus of the trial was on the parties’ understandings of the 1992 agreement.  The Duchschers both testified the 1992 agreement ended the Bakkens’ right to repurchase after a period of ten years.  Evangeline Bakken testified the agreement meant the Bakkens could repurchase the property after the ten-year period had passed.  
The parties agreed the 1992 agreement contained scrivener’s errors and the court corrected the disputed paragraph of the agreement to provide “that the [Duchschers] will not sell the land within a period of ten (10) years without such sale containing a provision that the [Bakkens] ha[ve] the continued right to purchase and [Duchschers] agree that [Bakkens] will not for a period of ten (10) years exercise the option to purchase.”  The Duchschers contended the latter clause should have read “[Bakkens] agree that [Bakkens] will not for a period of ten (10) years exercise the option to purchase,” but agreed that under either the court’s construction or their construction the Bakkens could not repurchase parcel B for a period of ten years.

[¶8] The district court interpreted the corrected 1992 agreement and ruled in favor of the Duchschers:

The first clause of the paragraph states that Defendants will not sell Parcel B within a ten-year period without a clause containing Plaintiffs’[] option clause. . . .  The second part of the paragraph provides, in the corrected form, that Plaintiffs will not exercise their option to purchase Parcel B for a period of ten years. . . .

Plaintiffs assert that this Agreement only prevented them from repurchasing Parcel B for the ten years after the date of the Agreement; it did not provide that they had to repurchase in the subsequent ten years.  Plaintiffs further argue that the Agreement did not indicate that they gave up their right to repurchase after ten years, as the Agreement did not mention any restriction on that right other than a restriction on exercising the option to repurchase for ten years.

Defendants argue that the option expired after ten years. Defendants point to the language in the Agreement referring to their ability to sell the land during the ten years following the date of the Agreement containing a provision that they must include notice of Plaintiffs’[] option to repurchase.  Defendants assert that since this language only needed to be provided in any sale in the ten years following the Agreement, after ten years, they were free to sell Parcel B without mention of any option for Plaintiffs[] to repurchase the property.  This, they argue, supports their position that the option expired after ten years.  Further, they argue, if the option does still exist, it is barred by the doctrine of laches.

. . . .

The plain language of the Agreement provides that Defendants were to provide notice about Plaintiffs’[] option to repurchase Parcel B to any sellers [sic] in the ten years following the date of the Agreement. . . .  After that time, the plain language of the Agreement did not require any notice to be given. . . .  Defendants were free to sell Parcel B 
after
 ten years without providing notice of the option. . . .  The Agreement provided no restrictions on Defendants’[] ability to sell Parcel B after the ten-year period. . . .  While the Agreement contains a repugnancy, namely the two ten-year restrictions—on the ability to sell with giving notice of the option, and on the ability to exercise the option—they must be reconciled by an interpretation that will give some effect to this clause subordinate to the general intent and purpose of the whole contract.  
See
 N.D.C.C. § 9-07-17.  The intent of the parties, as appearing in the plain language of the Agreement, was to add restrictions to the original Earnest Money Contract of Sale regarding the Pierce County property. . . .  In that document, there were no time restrictions on Plaintiffs’[] option to repurchase Parcel B. . . .  The Agreement, signed almost a year after the Earnest Money Contract of Sale, provided details of how long Defendants would need to make potential buyers of Parcel B aware of Plaintiffs’[] option to repurchase. . . .  To interpret the Agreement, by its plain language and considering the intent of the parties, any other way could produce absurd results. . . .

 

[¶9] The district court further ruled that even if the 1992 agreement gave the Bakkens a continuing option to repurchase parcel B in Pierce County after the ten-

year period expired, “the option would be barred by the doctrine of laches.” 

II

[¶10] The Bakkens argue the district court erred in determining their option to purchase parcel B in Pierce County no longer exists.

[¶11] We begin by noting issues that have not been raised in this case.  First, the parties agree that this case involves only the option to repurchase parcel B in Pierce County, and does not involve parcels A and C.  Second, the parties agree that the district court correctly resolved in substance the scrivener’s errors in the disputed provision of the 1992 agreement.  Third, the parties have raised no issue whether an option to repurchase property of unlimited duration runs afoul of the rule against perpetuities under N.D.C.C. § 47-02-27.1.

A

[¶12] The Bakkens argue the district court erred in interpreting the 1992 agreement to terminate their option to repurchase the property after the end of the ten-year period.

[¶13] Construction of a written contract to determine its legal effect presents a question of law, which is fully reviewable.  
Schwarz v. Gierke
, 2010 ND 166, ¶ 11, 788 N.W.2d 302.  As we said in 
Bendish v. Castillo
, 2012 ND 30, ¶ 16, 812 N.W.2d 398 (quoting 
Moen v. Meidinger
, 547 N.W.2d 544, 546-47 (N.D. 1996)):

[O]n appeal, we independently examine and construe the contract to determine if the trial court erred in its contract interpretation.  
General Elec. Credit Corp. v. Larson
, 387 N.W.2d 734, 736 (N.D. 1986).  A court’s primary goal in interpreting a contract is to ascertain the mutual intentions of the contracting parties.  
National Bank of Harvey v. International Harvester Co.
, 421 N.W.2d 799, 802 (N.D. 1988).  “Section 9-07-06, N.D.C.C., requires that a contract be interpreted as a whole.”  
Id.
 at 802.  Under NDCC 9-07-12, “[a] contract may be explained by reference to the circumstances under which it was made.”  
Id.
 at 803.  “If the language of the contract is clear and unambiguous, and the intent is apparent from its face, there is no room for further interpretation.”  
Habeck v. MacDonald
, 520 N.W.2d 808, 811 (N.D. 1994).  Still, as 
Continental Cas. Co. v. Kinsey
, 499 N.W.2d 574, 577 (N.D. 1993), discussed, a contract is ambiguous when reasonable arguments can be made for different positions on its meaning.

 

Whether a contract is ambiguous is a question of law.  
Myaer v. Nodak Mut. Ins. Co.
, 2012 ND 21, ¶ 10, 812 
N.W.2d
 345.  Extrinsic evidence may not be used to vary or contradict the terms of an unambiguous agreement or to create an ambiguity.  
Schwarz
, at ¶ 16.

[¶14] The district court’s correction of the scrivener’s errors resolved the ambiguities in the 1992 agreement.  The corrected agreement merely provided that the Duchschers would not sell the land for a period of ten years without advising any buyers of the Bakkens’ continued right to repurchase, and the Bakkens would not exercise their option to repurchase for a period of ten years.  The agreement says nothing about terminating the Bakkens’ option to repurchase the property.

[¶15] The district court’s analysis rests on the “need” of the Duchschers to provide notice of the Bakkens’ option to repurchase to any potential buyers of the property during the ten-year period.  Because the Duchschers did not have to provide notice after the ten-year period expired, the court reasoned the agreement had to be construed to terminate the Bakkens’ option to repurchase after ten years.  The court’s reasoning ignores that the warranty deed to the property which did not list a termination date for exercising the option was a duly recorded document.  Consequently, any potential buyers would be charged with constructive notice of the contents of the document and the unlimited option given to the Bakkens regardless of the 1992 agreement.  
See
 N.D.C.C. § 47-19-19 (“The record of any instrument shall be notice of the contents of the instrument, as it appears of record, as to all persons.”); 
see also
 
Wheeler v. Southport Seven Planned Unit Dev.
, 2012 ND 201, ¶ 17, 821 
N.W.2d
 746.  One may contemplate the reasons for the requirement that the Duchschers provide notice of the option to potential buyers, but the asserted unexpressed purpose of that requirement cannot supplant the plain language of the parties’ agreement.

[¶16] The two clauses in the 1992 agreement are not repugnant and cannot reasonably be interpreted to terminate the Bakkens’ option to repurchase after the ten-

year period expired.  Nor does our interpretation lead to an absurd result.  Because we conclude the parties’ intent can be ascertained from the document itself, other rules of contract interpretation and the extrinsic evidence presented need not be considered.  
See
 
U.S. Bank, Nat’l Ass’n v. Koenig
, 2002 ND 137, ¶ 10, 650 
N.W.2d
 820.

[¶17] We conclude the district court erred in construing the 1992 agreement to terminate the Bakkens’ option to repurchase parcel B after the ten-year period expired.

B

[¶18] The Bakkens argue the district court also erred in ruling the doctrine of laches barred them from exercising the option to repurchase.

[¶19] Laches does not arise from a delay or lapse of time alone, but is a delay in enforcing one’s rights which works a disadvantage to another.  
Sall v. Sall
, 2011 ND 202, ¶ 14, 804 
N.W.2d
 378.  The party against whom laches is sought to be invoked must be actually or presumptively aware of his rights and must fail to assert them against a party who in good faith permitted his position to become so changed that he could not be restored to his former state.  
Loberg v. Alford
, 372 
N.W.2d
 912, 919 (N.D. 1985).  The party invoking laches has the burden of proving he was prejudiced because his position has become so changed during the delay that he cannot be restored to the status quo.  
Sall
, at ¶ 14.  Cases involving laches must stand or fall on their own facts and circumstances.  
Loberg
, at 919.  

[¶20] Laches is generally a question of fact.  
Diocese of Bismarck Tr. v. Ramada, Inc.
, 553 
N.W.2d
 760, 767 (N.D. 1996).  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction the district court made a mistake.  
Knudson v. Kyllo
, 2012 ND 155, ¶ 9, 819 
N.W.2d
 511.

[¶21] In determining the option was barred by laches, the district court reasoned:

Defendants, after ten years, were not required to give any future purchasers of Parcel B notice of Plaintiffs’[] option to repurchase.  Defendants, and any future purchasers, would be prejudiced by Plaintiffs’[] delay in exercising any option, as Defendants would be under no obligation to give notice of the option, and the future purchase[r]s would not be on notice of this option.

 

[¶22] The district court made no finding that the Duchschers were actually prejudiced by any delay on the part of the Bakkens in exercising the option to repurchase.  Rather, the court speaks in terms of possible prejudice to the Duchschers 

and other hypothetical “future purchasers” because they “would not be on notice of this option” after the ten-year period expired.  However, as we have already pointed out, regardless of the 1992 agreement any future purchasers, including John Duchscher, Jr., and Ann Duchscher, are charged with constructive notice of the duly recorded warranty deed which set no date for termination of the Bakkens’ option to repurchase the property.  The Duchschers point to no evidence establishing that they have been harmed.  On this record, we are left with a definite and firm conviction the court made a mistake.  We conclude the court’s finding that the doctrine of laches barred the Bakkens from exercising the option to repurchase is clearly erroneous.

[¶23] We conclude the district court erred as a matter of law in ruling the Bakkens’ option to repurchase parcel B in Pierce County no longer exists.

III

[¶24] We do not address other arguments raised because they are either unnecessary to the decision or are without merit.  We reverse the judgment and remand either for entry of judgment in favor of the Bakkens or for resolution of any remaining issues.

[¶25] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.