ARTHUR PEARSON and HANNAH PEARSON, Appellants, v. CLARENCE ELLITHORPE and K. R. ELLITHORPE, Respondents.

(184 N. W. 672.)

Mines and minerals — lease will not be cancelled without showing of legal, equitable or contractual cause, forfeiture not being favored.

The plaintiff brings this action to cancel a coal mining lease, but there is no showing of either a legal, an equitable or contractual cause for cancelling the lease.

Opinion filed Sept. 26, 1921.

Appeal from the District Court of Williams County; *Fisk*, J.

Affirmed.

*Geo. A. Gilmore,* for appellants.

"Lessees are obliged to work a mine for the best interest of the owner or lessor, and with reasonable diligence and in proper manner, and if not so expressed in the lease, the law implies said conditions." 27 Cyc. 705 and cases cited thereunder.

"When a minimum royalty is provided in the lease, this does not excuse lessee from not operating the mine diligently and mining all he can." 27 Cyc. 705-706 and cases cited in the case of Chauvenet v. Person 11 L. R. A. (N. S.) 417 and foot note cases cited thereunder.

"A mining lease may be cancelled by a Court of Equity if the terms and conditions in the lease are not complied with; and when no time is stated in the lease the law implies that the acts must be done in a reasonable time and manner." 27 Cyc. 708-709 and foot notes cited: Howerton v. Kansas Natural Gas Co. 34 L. R. A. (N. S.) 34.

*L. M. Ellithorpe* & *McGee* & *Goss,* for respondents.

"The rule that a proviso for forfeiture, or re-entry upon breach of a covenant or condition, must be inserted in the lease, is also applied, and if the instrument expresses the particular causes for which a forfeiture may be claimed, it cannot be inferred that any other grounds of forfeiture exist." 27 Cyc. 708. Citing cases under notes 24 and 25.

"The instrument executed by Marks and Thompson, was a lease for a definite period, as well as an option, and as it did not contain any expressed provision for a forfeiture it may be doubted whether such a forfeiture could be enforced." 27 Cyc. 708, Note 24, Grandt Chrome Co. v. Marks ( Ore.) 181 Pac. 345.

"Where the terms of the lease as a whole, show that it was the intention to accept a sum of money in lieu of development of the land, the acceptance of the money by the lessor will be a waiver on his part of the right to insist upon a forfeiture of the lease for failure of the lessee to explore and develop the lands for minerals, according to its terms." 11 L. R. A. (N. S.) 417; case note at p. 419.

Equity is very slow granting relief by forfeiture in coal and iron mine cases. Huggin v. Daley 40 C. C. A. 15.

ROBINSON, J. The plaintiffs bring this action to cancel the lease of a coal mine and mining privileges on 80 acres of land, the N. ½ of the S. E. ¼, 20—124—100. The lease is dated April 5, 1912, and it continues for 35 years, unless sooner terminated by the lessees. It includes the dwelling house and wagon scale, which the lessee agrees to keep in repair. As rental the lessee agrees to pay for all coal mined 25 cents a ton, and to pay the same on the 1st day of each month, and to pay not less than $4.17 a month, or $50 a year, and the lessee agrees to use his best efforts to open up and mine the coal for the best interests of both parties. It appears the lessee has made the regular minimum monthly payments, and has paid 25 cents for all coal taken from the mine, and has made extensive progress in the development of the mine to the amount of perhaps $3,000 or $4,000. He has constructed a long horizontal shaft leading to the mine, which is now in a fair way to operate with profit.

The complaint avers that the defendants are assignees of the lease, and that they have failed to keep the house in repair, and suffered it to go to wreck and ruin, and have not weighed all coal mined, and have not used their best efforts to open up and operate the mine for the best interests of the plaintiffs. Also, that Clarence Ellithorpe took possession of the mine on April 1, 1916, and since then, until November 21, 1919, has paid 25 cents a ton on only 2,004 tons of coal, and that most of his time is given to the development of an adjacent coal mine owned by him. Hence the plaintiffs demand that the lease be cancelled, and appeal from a judgment dismissing the action.

The lease does not reserve to the lessor any right of forfeiture, and forfeitures are not favored at law or in equity. Indeed, the granting of relief against forfeitures is one of the most favored heads of equity jurisdiction. And by statute a condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created. Comp. Laws, 1913, § 5777. The transcript of the testimony, motions, exceptions, and objections cover nearly 200 pages. A review would serve no purpose. The case does not appeal to equity. There is no showing of either a legal, an equitable, or contractual cause for cancelling the lease. The lease does not bind the lessee to rush in mining or to do it any faster than it has been done. It binds the lessee to pay for all coal mined 25 cents a ton, and to pay a minimum of not less than $50 a year. The lease contemplates a coal output

of not less than 200 tons a year, and in case of a failure the penalty is that the lessee must pay a royalty on 200 tons. The case is not one of doubt. Indeed, there is no showing of facts sufficient to constitute a cause of action for the cancellation of the lease.

Judgment affirmed.

GRACE, C. J., and CHRISTIANSON and BIRDZELL, JJ., concur.

BRONSON, J., concurs in result.