**HELM BROS., INC., a corporation, Plaintiff, Appellant, and Cross-Appellee,**

v.

**Paul E. TRAUGER, Maryann L. Trauger, Rose Ann Hermann, Zella Trauger-Zahn, Margaret Zinke, Calvin Trauger and Mildred Archambeau, Defendants, Appellees, and Cross-Appellants.**

Civ. No. 11065.

Supreme Court of North Dakota.

June 19, 1986.

Bair, Brown & Kautzmann, Mandan, for plaintiff, appellant, and cross-appellee; argued by Malcolm H. Brown.

Vogel Law Firm, Mandan, for defendants, appellees, and cross-appellants; argued by Jos. A. Vogel, Jr.

LEVINE, Justice.

Helm Bros., Inc. (Helm), appeals from a judgment determining its rights under a mining lease. Helm also appeals from an order denying its motion for a new trial. Paul Trauger, Maryann Trauger, Rose Ann Hermann, Zella Trauger-Zahn, Margaret Zinke, Calvin Trauger, and Mildred Archambeau (hereinafter collectively referred to as Trauger) cross-appeal from the judgment. We affirm.

Helm (lessee) and Trauger (lessor) are the parties to a sand, gravel, and rock lease entered into by their predecessors in 1954 for a term of 20 years and as long thereafter as sand, gravel or rock is produced from the premises. The lease grants Helm the right "to mine, extract and remove all of the sand, gravel and rock in and underlying" the property, and the right to "remove the overlying surface ... and to deposit the spoil on the adjacent surface." The lease reserves to Trauger "the right to use or to rent the surface"[1] without affecting Helm's mining rights or Helm's right to use so much of the surface "as may be necessary ... in the mining, removing, hauling and shipping of said sand, gravel and rock." The lease requires Helm to pay eight cents per yard "as royalty ... and as a rental and damages for any surface used, occupied or destroyed in the mining and removal of any sand, gravel and rock." The lease grants Trauger the right to terminate the lease for nonperformance by Helm of any covenant upon 90-days' written notice, during which period Helm "may remedy the situation by performing."

Trauger notified Helm in writing that the lease would be terminated in 90 days unless specified "items of non-performance have been ... remedied."[2] Helm brought

1. Trauger used or rented the surface for the raising of crops and livestock.

2. Among the specified items of nonperformance were the stockpiling of gravel on cropland and "interfering with the Lessor's use of the surface that is not currently being mined or being used in conjunction with mining." The second item was shown at trial to include unnecessary scattering of rocks and debris on land used by Trauger for agricultural purposes.

an action under Chapter 32–23, N.D.C.C., for a judgment declaring:

"that the Sand, Gravel and Rock Lease ... is a valid and existing Lease ... that the Plaintiff has been in full compliance with the terms of said Lease and are entitled to continue to mine, explore, operate and remove sand, gravel and rock from said premises ... pursuant to the terms of said Lease; ..."

Trauger answered and counterclaimed for cancellation of the lease for nonperformance by Helm or damages "for the reduction of the market value of the surface of lands used unnecessarily" by Helm.

The matter of damages was tried to a jury before disposition of the issue of cancellation by the court. The jury returned a special verdict finding: (1) that Helm unnecessarily used "the surface ... contrary to the lease provisions so that the market value of the surface of the land has been reduced;" (2) that Helm's unnecessary use of the surface damaged Trauger; and (3) that Trauger's damages were $11,760.72.

On the matter of cancellation of the lease, the court found that Helm "has not abused the spirit of the Lease regarding the use of the surface, except that the scattering of rocks and other debris ... is somewhat excessive and unnecessary." The court concluded that Helm was entitled to continue operating under the terms of the lease with certain modifications.

A judgment was entered granting Trauger $11,760.72 in damages and permitting Helm to continue to operate under the terms of the lease with certain modifications. Helm's motion for a new trial was denied. Helm appealed the judgment and order denying a new trial. Trauger cross-appealed.

Helm raises as issues whether: (1) the trial court abused its discretion in denying its motion for a new trial; (2) the evidence was sufficient to sustain the verdict; and (3) the verdict was contrary to law. On cross-appeal, Trauger contends that the trial court erred in not cancelling the lease.

The jury awarded Trauger damages for the diminution in value of a portion of the surface caused by Helm's unnecessary use. Helm argues that diminution in value is not the proper measure of damage and that, pursuant to the terms of the lease, the royalty paid constituted damages for Helm's use of the surface. The compensability for unnecessary use and the measure of damages therefor are controlled by our decision in *Meyer v. Hansen,* 373 N.W.2d 392 (N.D.1985):

"[W]aste occurs when use and occupation of property is unreasonable and unusual: that is, when the property is damaged beyond that expected as a result of normal use, occupancy and depreciation." *Id.,* at 395.

"[D]epending on the facts of each case, either diminution in value or cost of repair is the appropriate measure of damages for waste. Plaintiff has the right to elect the measure deemed more accurate and if the defendant disagrees, he has the burden to prove the alternative measure is more appropriate." *Id.,* at 397.

Helm has not met its burden. Diminution in value is, therefore, the appropriate measure of damage for unnecessary use, which constitutes waste. In our view, the royalty paid pursuant to the terms of the lease provided compensation only for Helm's necessary use of the surface and not for its unnecessary use. The jury was instructed on the proper measure of damages for unnecessary use in accord with *Meyer v. Hansen, supra.*

In determining the sufficiency of the evidence to sustain a jury's award of damages, we must view the evidence in the light most favorable to the verdict. *Roberts v. Hail Unlimited,* 358 N.W.2d 776 (N.D.1984). No productive purpose would be served by detailing the evidence adduced at trial. We conclude from our review of the record that there was substantial evidence, both as to Helm's unnecessary use of the surface and as to the amount of damage caused Trauger, to support the verdict.

Helm asserts that the damage verdict is contrary to law because the trial court decided that the lease should not be terminated because of unnecessary use of the surface. Trauger asserts that the trial court erred in not cancelling the lease because the jury's verdict was dispositive of the issue of unnecessary use. Trauger also asserts that the lease should have been cancelled because the relationship of the parties had deteriorated to such an extent as to make continuation of the lease hopeless and useless,[3] and because of alleged shortcomings in Helm's operation under the lease. We disagree with both parties.

■ "Whether a contract should be canceled for breach depends upon the facts of each case." Syllabus 3, *Sandberg v. Smith*, 234 N.W.2d 917 (N.D.1975). Forfeitures of estates under leases are not favored. *Towne v. Sautter*, 326 N.W.2d 694 (N.D.1982). "A condition involving a forfeiture must be interpreted strictly against the party for whose benefit it is created." Section 9–01–15, N.D.C.C. "[T]he granting of relief against forfeitures is one of the most favored heads of equity jurisdiction." *Pearson v. Ellithorpe*, 48 N.D. 332, 184 N.W. 672 (1921). Adequacy of compensation determines whether equitable relief will be granted:

> "The test which determines whether equity will or will not interfere in such cases is the fact whether compensation can or cannot be adequately made for a breach of the obligation which is thus secured." [Citations omitted.] *Talbot v. Gadia*, 123 Cal.App.2d 712, 267 P.2d 436, 441 (1954).

■ In our view, the trial court's determination to continue the lease rather than order cancellation is based upon findings of fact that are not clearly erroneous. That decision, and the findings of fact supporting it, appropriately recognize that forfeitures are not favored if there is an adequate remedy at law and that unnecessary use sufficient to support an award of damages may not be sufficient to support cancellation of a lease. We believe that the damages awarded Trauger for Helm's unnecessary use of the surface adequately compensate Trauger for Helm's breach of the obligation of reasonable or necessary use of the surface sought to be secured by the forfeiture provision in the lease. Trauger has not demonstrated that continuation of the lease, as modified in certain respects by the trial court[4] and clarified with respect to Helm's duties, is hopeless or useless. We find no error in continuing the lease.

We have concluded that there was substantial evidence to support the jury's verdict. The trial court, therefore, did not abuse its discretion in denying Helm's motion for a new trial. We have also concluded that the trial court did not err in continuing the lease. We therefore affirm the judgment and the order denying a new trial.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

3. *See Beck v. Lind*, 235 N.W.2d 239 (N.D.1975).

4. The trial court modified some provisions in the lease in certain respects. Trauger has asserted that "the lower court's decision doesn't address the problem that the Trauger pit is not being cross-sectioned as required by the lease." We discern no reason to address that matter at this time, other than to note that the lease does provide for cross-section estimation of the amount of sand, gravel and rock to be removed from certain portions of the premises. Should the need for such a procedure become apparent to Trauger at some future point, he may attempt to secure it through an appropriate proceeding.