2003 ND 125

**VALLEY HONEY COMPANY, LLC, Plaintiff, Appellee, and Cross– Appellant**

v.

**Rebecca GRAVES, Defendant and Cross–Appellee,**

and

**Larry Young, Defendant, Appellant, and Cross–Appellee.**

No. 20020254.

Supreme Court of North Dakota.

July 21, 2003.

Rehearing Denied Aug. 26, 2003.

James J. Coles, Coles Law Firm, PC, Bismarck, for plaintiff, appellee, and cross-appellant.

Larry Young, pro se, Bismarck, defendant, appellant, and cross-appellee.

Rebecca Graves, pro se (no appearance), Grand Forks, defendant and cross-appellee.

SANDSTROM, Justice.

[¶ 1] Larry Young appeals a South Central Judicial District Court judgment holding he and Rebecca Graves have no right, title, or interest in the property that is the subject of the action and holding they are jointly and severally liable to Valley Honey Company for costs of $1,794.79. Valley Honey cross-appeals on the ground that the district court erred in failing to find Graves and Young liable for damages. We affirm.

I

[¶ 2] The property in this action is located in Burleigh County and is described as the Northwest Quarter of the Southwest Quarter of Section Fifteen, Township One Hundred Forty North, Range Eighty West of the 5th Principal Meridian.

[¶ 3] The property was used by a honey-packing corporation and was owned by Albert and Iva Knoefler until February 1998, when the Knoeflers transferred the property by warranty deed to Valley Honey Company. Valley Honey Company, a corporation, acting through Clark Stott, who was registered with North Dakota's Secretary of State in 2000 as the president of the corporation, with funding provided by Bruce Anderson, bought the property in an effort to bail out the Knoefler family from financial setbacks. Clark Stott and Harold Knoefler carried on the honey-packing operation until 2000, when they had a falling out. Valley Honey Company, through its managing officer, Bruce Anderson, limited Clark Stott's role in the company and terminated Knoefler's role, forbidding him entry to the premises. In 2001, Valley Honey relocated the plant's operations to Idaho.

[¶ 4] Rebecca Graves, Harold Knoefler's stepdaughter, and Larry Young, a former business associate of Knoefler's, claim an interest in the real property by virtue of a series of quitclaim deeds, which were recorded in Burleigh County. These deeds are:

1. From Albert Knoefler to Rebecca Graves and Larry Young, a quitclaim deed dated October 27, 2000, and recorded October 31, 2000, as Document No. 547229 with the Burleigh County Recorder.

2. From Ray Knoefler to Rebecca Graves and Larry Young, a quitclaim deed dated October 27, 2000, and recorded October 31, 2000, as Document No. 547230 with the Burleigh County Recorder.

3. From Cathrine Curtis to Rebecca Graves and Larry Young, a quitclaim deed dated October 30, 2000, and recorded November 1, 2000, as Document No. 547295 with the Burleigh County Recorder.

4. From Valley Honey Company to Rebecca Graves and Larry Young, a quitclaim deed dated December 9, 2000, executed in Utah and recorded December 11, 2000, as Document No. 548462 with the Burleigh County Recorder.

[¶ 5] Valley Honey filed suit on June 1, 2001, and Graves and Young both counterclaimed. At the May 15, 2002, trial, the validity of the December 9, 2000, deed was contested. At a Utah meeting with Harold Knoefler and a financier, Ted Gubler, Clark Stott signed the deed. Clark Stott

testified at trial that he was unaware Knoefler would be present at the meeting. Stott testified Knoefler pressured him to sign the deed, threatening to cut him out of another business deal if he refused. Stott testified he did not want to sign the deed at all, but because of the pressure from Knoefler, he agreed to sign it only with certain conditions attached. Stott testified that affixed to the deed was a document entitled Attachment A, signed by himself, Knoefler, and Gubler, which placed a number of conditions on the recording of the deed. One of the conditions was that Harold Knoefler would not take the property free and clear until the debts to Clark Stott, in the amount of $175,000, were paid. The quitclaim deed recorded by Knoefler on December 11, 2000, included an Attachment A, which was a handwritten compilation of numbers, but Stott testified it was not the same document he signed in Utah.

[¶ 6] The district court concluded the December 9, 2000, document was not a deed but rather a conditional contract that was not satisfied. The court found the conveyance was "limited to 'the interests of Clark B. Stott,' which were virtually nonexistent at the time of the conveyance, inasmuch as Bruce Anderson had essentially become the full owner and manager of [Valley Honey]." In addition, the district court concluded the validity of the deed was also undermined by the fraudulent conduct of Harold Knoefler in removing the agreed-upon Attachment A, which placed restrictions on his authority to record the deed, and replacing it with a meaningless attachment. The district court ordered entry of judgment on July 19, 2002, holding Graves and Young had no right, title, or interest in the property by any of the recorded quitclaim deeds because the grantors did not have a right, title, or interest in the property to legally convey to Graves or Young. The district court

also awarded costs of $1794.79 to Valley Honey. Young appealed the judgment. Valley Honey cross-appealed the judgment for damages. On July 24, 2002, Valley Honey moved to amend the judgment under Rule 60(b), N.D.R.Civ.P. Valley Honey moved to add the cost of the abstract for the real property subject to the quiet title action in the amount of $657.00. On August 13, 2002, the district court denied Valley Honey's Rule 60 motion to amend.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 8] Young argues he and Graves own the property under a validly executed deed. He argues the district court's conclusion that the December 9, 2000, deed was not a valid grant to them by Valley Honey Company but instead was an unsatisfied conditional contract is wrong because, under N.D.C.C. § 9–06–07, a delivery of a grant cannot be made conditionally. He argues the deed was not delivered with conditions and therefore Stott's testimony of having placed conditions on the granted quitclaim deed is inadmissible parol evidence.

[¶ 9] Graves and Young do not receive a right, title, or interest under the October 27, 2000, deeds or the October 30, 2000, deed because the grantors did not have title to convey the property.

[¶ 10] Under the December 9, 2000, conveyance, whether the Attachment A as recorded was the attachment affixed to the deed at the time it was signed by Stott is a question of fact. Questions of fact are reviewed under the clearly erroneous standard of review. N.D.R.Civ.P. 52(a); *Longtine v. Yeado*, 1997 ND 166,

¶ 5, 567 N.W.2d 819. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on review of the entire evidence, the reviewing court is left with a definite and firm conviction a mistake has been made." *Longtine*, at ¶ 5.

[¶ 11] The district court found the December 9, 2000, deed as filed had attached to it an Attachment A different from the one agreed to and signed in Utah by Knoefler, Gubler, and Stott. The court found the valid attachment was the one agreed upon by all parties in Utah rather than the one that was attached to the deed when it was recorded. The Attachment A that was agreed upon contained conditions required to be met before delivery to Knoefler could be valid:

> Stott, having personally guaranteed a loan of $175,000 that is of record against the property, that is now in default, had to sign his interest in Valley Honey to the lenders (the $175,000 lender & the organizations controlled by Bruce Anderson) and as such there is no interest free & clear until all debts are paid by Harold Knoefler, or to be caused by Harold to be paid by others. At that time & only will all of Stott interest in Valley Honey, LLC, be subject to this Quit Claim Deed.

The district court found that Clark Stott initially refused to sign the deed until Knoefler, Gubler, and Stott came to an agreement about conditions for the deed to take effect. Testimony supports the district court's finding. The district court was not clearly erroneous in finding the filed Attachment A was different from the agreed-upon Attachment A.

■ ■[¶ 12] In reviewing the validity of the December 9, 2000, deed, we follow our standard of review of a district court's disposition of a deed as stated in *U.S.*

*Bank v. Koenig*, 2002 ND 137, ¶ 8, 650 N.W.2d 820:

> Except as otherwise provided in N.D.C.C. ch. 47–09, grants are interpreted in the same manner as contracts. N.D.C.C. § 47–09–11. Contracts are construed to give effect to the parties' mutual intent at the time of contracting. N.D.C.C. § 9–07–03; *Haag v. Noetzelman*, 1999 ND 157, ¶ 6, 598 N.W.2d 121. The parties' intent must be ascertained from the writing alone if possible. N.D.C.C. § 9–07–04; *Haag*, at ¶ 6. The parties' intent must be ascertained from the entire instrument, and every clause, sentence, and provision should be given effect consistent with the main purpose of the contract. *Haag*, at ¶ 6 . . . . If the parties' intent can be ascertained from the writing alone, the interpretation of the contract is entirely a question of law, and we independently examine and construe the contract to determine if the trial court erred in its interpretation of the contract. *Haag*, at ¶ 6.

[¶ 13] The December 9, 2000, contract is not ambiguous and can be ascertained from the writing alone. This Court will review whether the contract created a valid deed as a matter of law. *Haag v. Noetzelman*, 1999 ND 157, ¶ 6, 598 N.W.2d 121.

■ [¶ 14] Under N.D.C.C. § 47–09–13, a grant in a contract is interpreted in favor of the grantee, except if there is a reservation in a grant, it must be interpreted in favor of the grantor. A contract is to be interpreted to give effect to the mutual intention of the parties at the time of contracting. N.D.C.C. § 9–07–03; *Pamida, Inc. v. Meide*, 526 N.W.2d 487, 490 (N.D.1995). "A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates." N.D.C.C. § 9–07–12.

[¶ 15] Under the December 9, 2000, conveyance, Young argues Valley Honey's conditions are void under N.D.C.C. § 9–06–07, which states, "[t]he execution of a contract in writing ... supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." Section 9–06–07 is applicable; however, it would apply only to the document with the Attachment A originally agreed to by the parties.

[¶ 16] Young argues that, based on N.D.C.C. § 47–09–07, a "grant cannot be delivered conditionally but delivery to the grantee is necessarily absolute and the instrument takes effect on delivery, discharged of any condition on which delivery was made." The statute provides:

> 47–09–07. Delivery must be absolute—Conditional delivery ineffective, becomes absolute. A grant cannot be delivered to the grantee conditionally. Delivery to the grantee or to the grantee's agent as such is necessarily absolute and the instrument takes effect thereupon, discharged of any condition on which the delivery was made.

Young's reliance on N.D.C.C. § 47–09–07 is misplaced. Here it was not the delivery that was conditional, but the document itself that was conditional. In *Adams v. Little Missouri Minerals Ass'n*, this Court in tracing the history of the statute explained:

> " 'If the delivery be to the party to whom it is made, though upon express condition, *not appearing upon the face of the deed*, that it is to take effect only upon certain conditions, whatever may be the form of words, the delivery is absolute, and the deed takes effect immediately.' "

143 N.W.2d 659, 675 (N.D.1966) (emphasis added) (citation omitted). Here the condition *did* appear on the face of the document, in Attachment A. Young's argument is without merit.

[¶ 17] Section 47–10–14, N.D.C.C., states that a "[g]rant takes effect on performance of condition. An instrument purporting to be a grant of real property to take effect upon a condition precedent passes the estate upon the performance of the condition." In this case, the conditions had not been satisfied when the document was recorded; therefore, the December 9, 2000, contract did not pass title to Graves or Young.

[¶ 18] The district court concluded as fact, from Stott's, Gubler's, and Knoefler's testimony, that Stott's grant of the property to Graves and Young included an Attachment A agreed to by Stott, Gubler, and Knoefler, which created a conditional contract, and the conditions had to be met by Knoefler before the document could effectively transfer title. We conclude the trial court was correct in finding the deed had attached to it an Attachment A, which made the conveyance conditional. In the agreed-upon Attachment A, there were conditions to the conveyance of this property that must be interpreted in favor of Valley Honey. Numerous facts lead to the conclusion that Stott was coerced into signing this deed, and that is why the conditions were placed in it. At the time the deed was signed, Stott was not involved in making any decisions for Valley Honey.

[¶ 19] Knoefler, by attaching a different Attachment A to the deed when he recorded it, disregarded the conditions and failed to complete them. Because the conditions were not satisfied, and because Knoefler made it clear by removing the original attachment and replacing it with a meaningless document that he had no intention of following the agreed-upon condi-

tions, we conclude the deed to Graves and Young is not valid.

## III

[¶ 20] Valley Honey cross-appealed, arguing the district court erred in failing to find Graves and Young jointly and severally liable for the damage cause by Knoefler. Valley Honey argues that by allowing Knoefler on the property, Graves and Young caused considerable damage to Valley Honey, which resulted in a costly relocation to Idaho to avoid future property damage by Knoefler. It argues Graves and Young both gave Knoefler a power of attorney over their interest in the property, which proved their collaboration with Knoefler. Valley Honey argues Graves fraudulently aided Knoefler in recording the deed by paying $3,500 in taxes on the property before any deeds granting her an interest in the property were recorded. The district court found Graves and Young were collaborators of Knoefler's, at least after the signing of the December 9 document, and should not benefit from his fraudulent conduct; however, it did not find damages.

[¶ 21] Damages issues are questions of fact. *Bechtold Paving, Inc. v. City of Kenmare*, 446 N.W.2d 19, 20–21 (N.D.1989); *Pfliger v. Peavey Co.*, 310 N.W.2d 742, 747 (N.D.1981). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on review of the entire evidence, the reviewing court is left with a definite and firm conviction a mistake has been made." N.D.R.Civ.P. 52(a); *Longtine*, 1997 ND 166, ¶ 5, 567 N.W.2d 819. "Before the Supreme Court will interfere with an award of damages, the award must be so excessive or inadequate as to be without support in the evidence." *Pfliger*, at 747.

[¶ 22] The district court found that Graves and Young collaborated with Knoefler; however, the evidence does not support a conclusion that the defendants would be responsible for the damages allegedly incurred by Knoefler. The district court stated:

Harold Knoefler has been the principal figure in the operation of Knoefler Honey Farms prior to the plaintiff becoming involved in it, and subsequently, as well. He is also the principal person involved in the disputes with the plaintiff regarding ownership of assets utilized in the honey packing operation, and to the extent that damages have been incurred by the plaintiff, it would [appear] that he is the responsible party, rather than the defendants. There is nothing in the record to suggest that he was acting as an agent of the defendants at the time he caused the problems resulting in the damages sought.

We conclude the district court did not err. That the district court did not grant damages to Valley Honey for Graves' and Young's actions was consistent with the evidence presented at trial.

## IV

[¶ 23] After entry of judgment, Valley Honey moved, under N.D.R.Civ.P. 60(b), to add to the judgment the cost of the abstract for the property in the amount of $657.00. Under Rule 60(b), N.D.R.Civ.P., a party or his legal representative may be relieved from a final judgment or order in any action or proceeding for the following reasons:

(i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged, or a previous judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment.

[¶ 24] When there is an appeal from a trial court ruling on a Rule 60(b) motion, we review whether or not the trial court abused its discretion under the rule. *Galloway v. Galloway,* 281 N.W.2d 804, 806 (N.D.1979). The only subsection of Rule 60(b) not left to the court's discretion is subsection (iv), because a court has no discretion to protect a void judgment. *State Bank of Burleigh County Trust Co. v. Patten,* 357 N.W.2d 239, 242 (N.D.1984). There is no evidence in the record showing Valley Honey supported its motion under subsection (iv); therefore, we apply an abuse-of-discretion standard.

[¶ 25] As the moving party, Valley Honey "has the burden of establishing sufficient grounds for disturbing the finality of such judgment." *Gajewski v. Bratcher,* 240 N.W.2d 871, 886 (N.D.1976). On July 17, 2002, Valley Honey filed its affidavit of costs and disbursements in the amount of $1,794.79 and failed to include the $657.00 abstract as a cost. An abstract would have been a valid cost that Valley Honey could have brought under N.D.C.C. §§ 28–26–07 and 28–26–10 had it done so in the July 17, 2002, affidavit of costs. Valley Honey, in its motion to amend the judgment, did not meet its burden to provide the court with sufficient grounds for why it failed to bring the abstract cost in its July 17, 2002, affidavit of costs; therefore, we conclude the district court did not abuse its discretion in denying Valley Honey's motion to amend the judgment. Accordingly, the order denying the Rule 60(b) motion for amended costs is affirmed.

V

[¶ 26] We conclude the deed was not validly executed and did not convey an interest in property to Rebecca Graves or Larry Young. We also conclude the district court did not err in finding Graves and Young were not liable for damages incurred by Valley Honey. We affirm.

[¶ 27] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, CAROL RONNING KAPSNER, JJ., and JAMES M. BEKKEN, District Judge, concur.

[¶ 28] The Honorable JAMES M. BEKKEN, District Judge, sitting in place of MARING, J., disqualified.