2013 ND 170

**STARK COUNTY, a political subdivision of the State of North Dakota, Plaintiff and Appellant**

v.

**A motor vehicle described as a 1998 PETERBUILT TRUCK, VIN: 1NPFXB9X8WD470613, owned by H & H Earthworks, Inc. and driven by Tadd N. Strozzi, Defendant**

**and**

**Ryan Strozzi, Third–Party Defendant and Appellee.**

**No. 20130102.**

Supreme Court of North Dakota.

Sept. 25, 2013.

Tom M. Henning, State's Attorney, Dickinson, ND, for plaintiff and appellant.

Thomas F. Murtha IV, Dickinson, ND, for third-party defendant and appellee.

KAPSNER, Justice.

[¶ 1] Stark County appeals from a district court judgment dismissing the County's case against the defendant vehicle and third-party defendant Ryan Strozzi. We conclude the district court's finding the vehicle had not been moved was not clearly erroneous, and we affirm the judgment dismissing the County's case.

I

[¶ 2] On June 25, 2013, Stark County Road Superintendent Al Heiser was notified that an excavating machine was being used in a Dickinson subdivision. Heiser went to the subdivision and saw Ryan Strozzi loading an excavator onto a lowboy trailer. Heiser believed the tractor trailer unit carrying the excavator would exceed the 5–ton per axle and 60,000 pound maximum weight restrictions applicable to the roads leading out of the subdivision.

[¶ 3] Stark County Sheriff's Deputy Dean Franchuk used portable scales to weigh the tractor trailer unit carrying the excavator. Deputy Franchuk determined that the gross weight of the loaded unit was 133,200 pounds, which exceeded the 60,000 pound maximum weight restriction. The loaded unit was also in violation of the 5–ton per axle weight restriction, with the amounts of each axle violation totaling 65,-900 pounds. Strozzi paid a fee to have the unit released, and a permit was later obtained to move it out of the subdivision.

[¶ 4] Stark County brought an in rem action against the tractor trailer unit for extraordinary use of the highways under Chapter 39–12, N.D.C.C., alleging only that it violated the per axle weight restrictions. Strozzi responded as a third-party defendant. After a court trial, the district court dismissed the complaint with prejudice, ruling the weight restrictions apply to vehicles moved on the road, and the statutory movement requirement had not been met because there was no testimony the tractor trailer unit carrying the excavator had been moved prior to issuance of the ticket.

II

[¶ 5] On appeal from the district court's judgment, Stark County argues the court's finding that the defendant vehicle had not been moved was clearly erroneous. In civil cases tried to the district court, "[f]indings of fact ... must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." N.D.R.Civ.P. 52(a)(6). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on review of the entire evidence, the reviewing court is left with a definite and firm conviction a mistake has been made." *Valley Honey Co., LLC v. Graves*, 2003 ND 125, ¶ 10, 666 N.W.2d 453 (quot-

ing *Longtine v. Yeado,* 1997 ND 166, ¶ 5, 567 N.W.2d 819). "Interpretation of a statute is a question of law fully reviewable on appeal." *Grinnell Mut. Reinsurance Co. v. Thompson,* 2010 ND 22, ¶ 9, 778 N.W.2d 526 (quoting *State v. Brown,* 2009 ND 150, ¶ 15, 771 N.W.2d 267).

[¶ 6] Chapter 39–12, N.D.C.C., authorizes state and local governments to set weight and load limitations for vehicles on certain roads. Under N.D.C.C. § 39–12–17, if a trial court finds that a vehicle was "moved upon the . . . roads of this state at a weight in excess of the limitations . . . charges for the extraordinary use of the . . . roads must be assessed. . . ." Therefore, to establish a violation, the County must have proven that the defendant vehicle exceeded weight limitations and moved on a road.

[¶ 7] The district court found:

The complaint in this matter was drafted by the Plaintiff and they plead it based upon limitations of total weight of axles. No part of the complaint alleges a violation for exceeding maximum weight. . . .

The testimony reflects that the vehicle was being loaded but there has been no testimony provided that in fact it was moved. The testimony reveals that the vehicle had been moved by some other tractor trailer and there is no indication as to what the axle configuration was on the tractor trailer that actually moved the trailer into the Greenville Subdivision. Further, the pleading is not for a gross limitation but for the per axle limitation.

While the Defendants may have intended to ultimately transport this load, the statute requires movement. Since there has been no showing of movement of this particular load with the subject tractor trailer combination on the high-

ways of the State of North Dakota, the matter must be dismissed.

[¶ 8] Stark County's in rem action was brought against the tractor trailer unit rather than the excavator itself. No evidence was presented which identified the tractor trailer unit that moved the excavator into the subdivision. Neither Deputy Franchuk nor Strozzi knew whether the incoming unit was the same one as the defendant vehicle. As a result, the incoming unit could not be considered by the district court for the purpose of determining whether movement occurred. Similarly, the only weight measurements taken and testified to were of the defendant tractor trailer unit after it had been loaded with the excavator. There was no evidence about the weight of the tractor trailer unit by itself. Because of this, any movement of the unit that occurred before the excavator was loaded could not be considered by the district court.

[¶ 9] Heiser, Deputy Franchuk, and Strozzi all testified the excavator was still being loaded onto the parked tractor trailer unit when Deputy Franchuk arrived. Deputy Franchuk testified he could not remember whether he had moved the loaded tractor trailer unit up to the scales on the road in order to weigh it or whether he put the scales where the unit was parked when he arrived. He testified the unit was driven onto the scales at his direction, and he did not otherwise see the loaded tractor trailer unit move. According to Strozzi, a permit was subsequently obtained to transport the excavator out of the subdivision. Therefore, the only movement for the district court to consider was the movement of the loaded tractor trailer unit onto the scales at the direction of Deputy Franchuk.

[¶ 10] Stark County argues the district court's findings of fact promote an absurd result. "This court has consistent-

ly held that statutes must be construed to avoid ludicrous and absurd results." *State v. Mees,* 272 N.W.2d 61, 64 (N.D.1978) (citations omitted). However, under N.D.C.C. § 39–12–07, a police officer who suspects a vehicle of violating the weight restrictions "may weigh such vehicle and load or have the same weighed either by means of portable or stationary scales, and for that purpose the officer may require the vehicle to be driven to the nearest scales." This statute gave Deputy Franchuk the authority to require the loaded tractor trailer unit to be driven onto the scales to be weighed. It would be absurd to interpret Chapter 39–12 as giving Deputy Franchuk the authority to require the vehicle to be moved and then to allow Deputy Franchuk to find a violation for movement that he himself had required. We therefore hold that movement of a vehicle at the direction of a police officer pursuant to N.D.C.C. § 39–12–07 does not constitute movement for purposes of a violation of N.D.C.C. § 39–12–17.

[¶ 11] Based upon the record before this Court, there was no evidence the loaded tractor trailer unit moved upon the road in violation of Chapter 39–12. The district court's finding there was no evidence that movement of the defendant vehicle had occurred is not clearly erroneous. A violation of N.D.C.C. § 39–12–17 was not established in the testimony presented to the district court.

III

[¶ 12] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. We affirm the judgment.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 14] I understand this to be a failure-of-proof case. The statute is clearly intended to prevent expensive highway, road, and street damage. Even though the exhibits appear to reflect damage to the road by the loaded tractor-trailer being located on it, the statute requires that the vehicle moved on the road or street. The legislature could address this by prohibiting an overweight vehicle from being parked or located on the highway, road, or street, in addition to the present prohibition on one being moved.

[¶ 15] GERALD W. VANDE WALLE, C.J., concurs.